IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **YURI ASTORGA,** | * |
| **Plaintiff,** | * |
| v. | Case No.: GJH-14-4006 |
| | * |
| **CASTLEWOOD CONSULTING, LLC, ET AL.,** | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Yuri Astorga ("Plaintiff") has sued Defendants Castlewood Consulting, LLC ("Castlewood"), Carruthers & Wood, LLC ("C&W"), Andrea Wood, and Douglas Wood (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md.Code Ann., Lab & Empl. § 3-501 *et seq.*, and the Maryland Workplace Fraud Act ("MWFA"), Md.Code Ann., Lab & Empl. § 3-901 *et seq*. Defendants have filed a counterclaim against Plaintiff for breach of contract. *See* ECF No. 7. Pending before the Court is Plaintiff's motion to dismiss Defendants' counterclaim. *See* ECF No. 10. A hearing is not necessary. *See* Loc. R. 105.6 (Md.). For the following reasons, the Court will DENY Plaintiff's motion.

**I.   BACKGROUND**

Defendants Castlewood and C&W, which operate as a single entity, are home building companies owned by Defendants Andrea Wood and Douglas Wood. *See* ECF No. 1 at ¶¶ 13-17. Plaintiff worked for Castlewood and C&W from September 2011 until November 14, 2014. *See id.* at ¶ 18. Plaintiff, whose job responsibilities consisted of installing drywall, sanding, caulking,

and painting, was paid on an hourly basis. *See id.* Plaintiff alleges, however, that despite working more than forty hours per week, he was never paid overtime. *See id.* at ¶ 22. Accordingly, Plaintiff instituted this lawsuit against Defendants for violation of the FLSA, MWPCL, and MWFA. *See id.*

Defendants have counterclaimed alleging that Plaintiff was not actually a covered "employee" under relevant law, but was, instead, an independent contractor, as evidenced by the Independent Contractor Agreement ("ICA") he signed. *See* ECF No. 7; *see also* ECF No. 7-1. According to Defendants, Plaintiff acknowledged in the ICA that he was "an independent contractor and [would] not represent [himself] to be an employee . . ." of Defendants. *Id.* at ¶ 14. Defendants maintain that Plaintiff breached this obligation by "asserting that he was an employee of [Defendants] at a time when he certified and agreed that he was an independent contractor . . . ." *Id.* at ¶ 15. Accordingly, Defendant filed this counterclaim against Plaintiff for breach of contract seeking to recover its attorney's fees and other costs and expenses which Defendants claims Plaintiff agreed to pay if he defaulted under the ICA. *Id.* at ¶ 17. Plaintiff has moved to dismiss Defendants' counterclaim. *See* ECF No. 10. As discussed more fully below, the Court will DENY Plaintiff's motion to dismiss.

## II.   STANDARD OF REVIEW

Plaintiff moves this Court to dismiss Defendants' counterclaim for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). "'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). In order to survive a motion to dismiss under Rule 12(b)(6),

2

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, when ruling on a 12(b)(6) motion, the court assumes that the facts alleged in the complaint are true and draws all reasonable factual inferences in the nonmoving party's favor. *Edwards*, 178 F.3d at 244. A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

### III. DISCUSSION

In reviewing Plaintiff's motion to dismiss, the Court noted a potentially dispositive issue that was only briefly addressed in Plaintiff's reply. *See* ECF No. 13 at 3.[1] Specifically, the ICA, which was executed on June 26, 2012, expressly provides that the agreement was only valid "for 2 years from the date signed." ECF No. 7-1 at 8. By its own terms then, the ICA terminated on June 26, 2014. Defendants allege, however, that Plaintiff breached the ICA nearly six months *after* the ICA expired when, on December 23, 2014, Plaintiff filed the instant lawsuit "asserting that he was an employee of Castlewood at a time when he certified and agreed that he was an independent contractor." ECF No. 7 at ¶ 15. The Court was therefore concerned about the viability of Defendants' breach of contract claim against Plaintiff because if there was no valid contract between the parties on the date of the alleged breach, Plaintiff could obviously not have breached the ICA. With that issue in mind, the Court gave Defendants an opportunity file a supplemental brief to address the Court's concern. Defendants filed their supplemental brief on April 14, 2015 (*see* ECF No. 16) and Plaintiff responded to Defendants' filing on April 29, 2015.

---

[1] For the citations in this Memorandum Opinion, the Court uses the page numbers assigned to the document from CM/ECF or PACER.

*See* ECF No. 22. Having reviewed and considered both the original briefs filed by the parties and this supplemental briefing, the Court will not dismiss Defendants' counterclaim.

"'[G]eneral principles of contract law teach us that when a contract lapses but the parties to the contract continue to act as if they are performing under a contract, the material terms of the prior contract will survive intact unless either one of the parties clearly and manifestly indicates, through words or through conduct, that it no longer wishes to continue to be bound thereby, or both parties mutually intend that the terms not survive.'" *Kropfelder v. Snap-On Tools Corp.*, 859 F. Supp. 952, 954 (D. Md. 1994) (quoting *Luden's Inc. v. Local Union No. 6 of the Bakery*, 28 F.3d 347 (3d Cir. 1994)). "'The rationale for this rule is straightforward: when parties to an ongoing, voluntary, contractual relationship, especially a relationship which by its nature generally implies that some mutually agreed upon rules govern its configuration, continue to behave as before upon the lapse of the contract, barring contrary indications, each party may generally reasonably expect that the lapsed agreement's terms remain the ones by which the other party will abide.'" *Kropfelder*, 859 F. Supp. at 954 (quoting *Luden's Inc.*, 28 F.3d 347). Here, neither party appears to have clearly and manifestly indicated their desire to no longer be bound by the terms of the ICA when it lapsed on June 26, 2014. To the contrary, it appears as though both parties continued to act as though they still were bound by the ICA following its expiration. As such, the material terms of the ICA, which include the provision regarding Plaintiff's obligation to not represent himself as an employee of Defendants, survive the termination of the ICA. The Court will therefore not dismiss Defendants' counterclaim on the basis that there was no existing contract at the time of the alleged breach.

Turning to the original arguments raised by Plaintiff in his motion to dismiss, Plaintiff contends that "the contractual provision alleged to have been breached . . . constitutes an unenforceable waiver of Plaintiff's employment rights." ECF No. 10-1 at 3. While it may be true that employees cannot waive their rights under the FLSA, MWPCL, and MWFA, Plaintiff's argument assumes that he actually was a covered "employee" under these statutes. But the thrust of Defendants' argument is that Plaintiff *was not* a covered "employee" under relevant law. *See* ECF No. 7 at ¶¶ 7-8. According to Defendants, Plaintiff executed the ICA and thereby acknowledged that he was "an independent contractor and [would] not represent [himself] to be an employee" of Defendants. *Id.* at ¶ 14. While the parties here clearly dispute whether Plaintiff was as an independent contractor or an employee, for the purpose of analyzing the sufficiency of Defendants' counterclaim on a motion to dismiss, the Court must accept as true Defendants' allegation that Plaintiff was an independent contractor. Assuming the truth of this fact, Defendants have adequately alleged that Plaintiff breached the ICA by representing himself as an "employee" of Defendants. The Court will therefore deny Plaintiff's motion to dismiss Defendants' counterclaim. *See Spellman v. Am. Eagle Express, Inc.*, 680 F. Supp. 2d 188, 192 (D.D.C. 2010) ("whereas here, Defendant asserts that the FLSA is wholly inapplicable because Plaintiffs are 'independent contractors' exempt from the statute's scope . . . and resolution of that issue will turn on the Court's application of a fact-intensive 'economic reality' test after discovery has been completed . . . the Court cannot say at this juncture that the [indemnification] counterclaim is preempted by, or contrary to the policy of, the FLSA") (internal citations omitted); *see also Dobbins v. Scriptfleet, Inc.*, No. 11-1923, 2012 WL 2282560, at *2 (M.D. Fla. June 18, 2012) (denying motion to dismiss counterclaim seeking indemnification from a plaintiff

who allegedly violated his independent contractor agreement by attempting to bring an FLSA claim as a covered employee).

In reaching this conclusion, the Court expresses no view as to Plaintiff's status as a covered employee or an independent contractor. To be sure, the simple fact that Plaintiff signed an independent contractor agreement does not automatically mean he is an independent contractor. *See Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) ("[T]he fact that the plaintiff welders in this case signed contracts stating that they were independent contractors, while relevant, is not dispositive."). To do so would elevate form over substance and the Fourth Circuit does not adhere to such a rigid approach. Rather, to determine whether an individual is an employee or an independent contractor under the FLSA, the Court must look to the "economic realities" of the relationship between the worker and the putative employer by analyzing the following six factors:

> (1) [T]he degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business.

*Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006). Ultimately, after discovery, the Court will evaluate these factors and apply them to the facts of the case. That time, however, has not yet arrived. Until then, the Court must accept as true Defendants' allegation that Plaintiff was an independent contractor – an allegation supported by reference to the ICA signed by Plaintiff and Castlewood.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's motion to dismiss Castlewood's counterclaim.

Dated: May 14, 2015 /S/
George J. Hazel
United States District Judge