**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| YURI ASTORGA, | * | |
| **Plaintiff,** | * | |
| v. | | Case No.: GJH-14-4006 |
| | * | |
| CASTLEWOOD CONSULTING, LLC, | * | |
| ET AL., | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Yuri Astorga ("Astorga") has sued Defendants Castlewood Consulting, LLC ("Castlewood"), Carruthers & Wood, LLC ("C&W"), Andrea Wood, and Douglas Wood (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md.Code Ann., Lab & Empl. § 3-501 *et seq.*, and the Maryland Workplace Fraud Act ("MWFA"), Md.Code Ann., Lab & Empl. § 3-901 *et seq.* Pending before the Court is the parties' Joint Motion for Approval of Settlement. *See* ECF No. 26. A hearing is not necessary. *See* Loc. R. 105.6 (Md.). For the following reasons, the Court will GRANT the parties' motion.

**I.      BACKGROUND**

Defendants Castlewood and C&W, which operate as a single entity, are home building companies owned by Defendants Andrea Wood and Douglas Wood.  *See* ECF No. 1 at ¶¶ 13-17. Astorga worked for Castlewood and C&W from September 2011 until November 14, 2014. *See id.* at ¶ 18. Astorga, whose job responsibilities consisted of installing drywall, sanding, caulking, and painting, was paid on an hourly basis. *See id.* Astorga alleges, however, that despite working more than forty hours per week, he was never paid overtime. *See id.* at ¶ 22. Accordingly,

Astorga instituted this lawsuit against Defendants for violation of the FLSA, MWPCL, and MWFA. *See id.*

Defendants have counterclaimed alleging that Astorga was not actually a covered "employee" under relevant law, but was, instead, an independent contractor, as evidenced by the Independent Contractor Agreement ("ICA") he signed. *See* ECF No. 7; *see also* ECF No. 7-1. According to Defendants, Astorga acknowledged in the ICA that he was "an independent contractor and [would] not represent [himself] to be an employee . . ." of Defendants. *Id.* at ¶ 14. Defendants maintain that Astorga breached this obligation by "asserting that he was an employee of [Defendants] at a time when he certified and agreed that he was an independent contractor . . . ." *Id.* at ¶ 15. Accordingly, Defendant filed a counterclaim against Astorga for breach of contract seeking to recover its attorney's fees and other costs and expenses which Defendants claim Astorga agreed to pay if he defaulted under the ICA. *Id.* at ¶ 17. Astorga moved to dismiss Defendants' counterclaim. *See* ECF No. 10. The Court, however, denied Astorga's motion.[1] *See* ECF No. 24.

Nearly one month after the Court denied Astorga's motion to dismiss Defendants' counterclaim, the parties notified the Court that they had reached a potential settlement of Astorga's claims. *See* ECF No. 25; *see also* ECF No. 26.  The Court has reviewed Astorga's complaint, Defendants' answer and counterclaim, the parties' Joint Motion for Approval of Settlement, and the Settlement Agreement and Release. ECF Nos. 1, 7, 26-1, 26-2. For the reasons explained below, the Court finds that a *bona fide* dispute exists regarding liability under

---

[1] In denying the motion, the Court noted that, at this juncture, it was expressing "no view as to Plaintiff's status as a covered employee or independent contractor." *Astorga v. Castlewood Consulting, LLC*, No. 14-4006, 2015 WL 2345519, at *3 (D. Md. May 14, 2015). Rather, at the motion to dismiss stage, it was merely accepting the allegations in the counterclaim as true and finding that a claim had been stated.

the FLSA, the settlement agreement is a fair and reasonable compromise of the dispute, and the attorney's fees are reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Leigh v. Bottling Group, LLC*, DKC-10-0218, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## II.     DISCUSSION

### A.  FLSA Settlements

The FLSA does not permit settlement or compromise of alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, PWG-13-3496, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 2014 WL 2174751 at *2 (internal citations omitted). "These factors are most likely to be satisfied where there is an

'assurance of an adversarial context' and the employee is 'represented by an attorney who can

protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.,* 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews

the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement.

*Lomascolo v. Parsons Brinkernoff, Inc.*, 1:08cv1310, 2009 WL 3094955 at \*10 (E.D. Va. Sept.

28, 2009). Here, a review of the filings demonstrates that while Astorga contends that he is

entitled to wages, overtime, and liquidated damages, Defendants argue that Astorga is not

entitled to any such relief because he was an independent contractor, as evidenced by the ICA

Astorga signed, as well as the fact that Astorga hired and paid his own employees, maintained

insurance, and performed services for other businesses. *See* ECF No. 12 at 2. If the Court

concluded that Astorga was, in fact, an independent contractor, Astorga would not be entitled to

any of the relief he seeks. Thus, a *bona fide* dispute exists regarding liability under the FLSA.

### C.  Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the

Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the
> proceedings, including the complexity, expense and likely duration
> of the litigation; (3) the absence of fraud or collusion in the
> settlement; (4) the experience of counsel who have represented the
> plaintiffs; (5) the opinions of class counsel and class members after
> receiving notice of the settlement whether expressed directly or
> through failure to object; and (6) the probability of plaintiffs'
> success on the merits and the amount of the settlement in relation
> to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at \*10. Here, the parties have engaged in some formal discovery,

including the exchange of documents and depositions. *See* ECF No. 26-1 at 3. Given the

relatively early stage of the litigation, however, significant expenses would be incurred if the parties engaged in extended formal discovery, dispositive motions, and possibly trial. *See, e.g.*, *Saman v. LBDP*, DKC-12-1083, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or collusion in the settlement, and counsels' filings demonstrate their competence and experience. *See* ECF No. 26-1. Finally, the existing ICA and additional facts supporting Defendants' claim that Astorga was an independent contractor raise enough concerns about Astorga's likelihood of success on the merits that a settlement of $16,400 appears reasonable. *See id.* at 4. As was the case in *Saman*, "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted).

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $16,400 is reasonable for the release executed.

### D.  Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (*citing Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for

similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Local Rules, App. B.

Here, Astorga's attorney, Roberto Allen, spent approximately 50 hours on this case, at his standard billing rate of $425 hour, resulting in $21,250 in legal fees. *See* ECF No. 26-1 at 4. Notwithstanding this total, the parties have negotiated a separate settlement of $8,600 for Allen's attorney's fees. *See id.* Thus, it appears that as part of the negotiations in this case, the attorneys have agreed to a discounted rate. In light of the facts of this case and the disputes explained above, the Court finds this sum to be fair and reasonable under the lodestar approach.

## III.     CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement, ECF No. 26, is GRANTED.

A separate Order shall issue.


Dated: <u>July 9, 2015</u>                          <u>        /S/                        </u>
                                                                 George J. Hazel
                                                                 United States District Judge